USCA1 Opinion

 

 July 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2296 WILLIAM J. GALLANT, JR., Plaintiff, Appellant, v. LARRY E. DUBOIS, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Edward J. McCormick, III and McCormick & Maitland on brief for _________________________ _____________________ appellant. Nancy Ankers White, Special Assistant Attorney General, and ____________________ Sondra M. Korman, Counsel, Department of Correction, on brief for _________________ appellee Larry Dubois. Bruce R. Henry, Joseph L. Bierwirth, Jr. and Morrison, Mahoney & ______________ _________________________ ____________________ Miller, on brief for appellee Burton Levine, M.D. ______ ____________________ ____________________ Per Curiam. Having carefully reviewed the parties' __________ briefs and the appellate record, we conclude that this appeal does not present a substantial question. We affirm the summary judgment in favor of the defendants, for the same reasons stated by the district court. We add only these comments.  Plaintiff contends that the district court improperly ignored his affidavit. However, that affidavit broadly contradicts plaintiff's own specific deposition testimony and the letters he wrote, and no explanation was given for the contradiction. In that circumstance, the affidavit was insufficient to withstand defendants' motions for summary judgment. See Colantuoni v. Alfred Calcagni & ___ __________ __________________ Sons Inc., 44 F.3d 1, 4-5 (1st Cir. 1994). _________ Because we agree with the district court that the overwhelming evidence, notwithstanding plaintiff's affidavit, showed that medical care was not withheld by defendants, but rather was refused by plaintiff, we reject plaintiff's contention that material issues of fact remained as to defendants' states of mind. Put another way, as no indifference was shown, no material issue of "deliberate" indifference remained. Further, there having been no deprivation of medical care within the scope of the Eighth Amendment, it would have been futile to amend the complaint to add another Department of Correction official as a defendant. -3- Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -4-